IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LUIS J. BANUELOS,
No. 00503665

        Petitioner,

vs.         CIVIL NO. 13-CV-00661-DRH

DAMON ACUFF,
JANET NAPALITANO,
JOHN MORTON, and
ERIC HOLDER,

        Respondents.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Petitioner Luis J. Banuelos is being held in the Tri-County Justice & Detention Center.  By and through counsel, Banuelos has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Banuelos, a citizen of Mexico, has lived in the United States for virtually his entire life, and he has had lawful permanent resident status since 2004,  In April 2013, he was convicted of manufacturing and distributing cannabis, and sentenced to a two-year term of probation (Doc. 2-4).  He was not immediately taken into custody.  Banuelos is now being held under the mandatory detention provision in 8 U.S.C. § 1226(c), pending removal proceedings in the United States Immigration Court.  Banuelos asks this Court for an individualized hearing and bond determination pursuant to 8 U.S.C. § 1226(a)(2).

    Rule 4 of the Rules Governing Section 2254 Cases in United States District

Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

Petitioner Banuelos acknowledges that neither the Supreme Court nor the Court of Appeals for the Seventh circuit has ruled on whether a person who was convicted of a felony, but who has not been detained by the State, is subject to mandatory detention or is eligible for a bond determination.[1]

There is insufficient information before the Court upon which to decide this matter at this preliminary stage. Therefore, respondents will be required to respond or otherwise plead.

**IT IS HEREBY ORDERED** that respondents shall answer the petition or otherwise plead on or before August 29, 2013. This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present.

---

[1] Petitioner cites a slew of non-precedential decisions holding that a detention hearing is appropriate. However, only two appellate courts have addressed this sort of scenario. In *Hosh v. Lucero*, 680 F.3d 375 (4th Cir. 2012), the Court of Appeals for the Fourth Circuit determined that Section 1226(c) was ambiguous, but that there is no indication Congress intended an exemption to the mandatory detention provision merely because Immigration agents fail to meet the alien at the jailhouse door upon release. More recently, in *Sylvain v. Attorney General of the United States*, 714 F.3d 150 (3rd Cir. 2013), the Third Circuit held that, regardless of whether there is any ambiguity, a delay does not cause Immigration officials to lose authority under the mandatory detention provision of Section 1226(c).

**IT IS FURTHER ORDERED** that, because of the press of the Immigration Court proceedings, petitioner shall file his reply, if any, on or before **September 12, 2013.**

The parties are **ADVISED** that, because time is of the essence in this action, extensions of prescribed deadlines will only be granted in exceptional circumstances.

Relative to the federal officials named as respondents, **JANET NAPALITANO**, **JOHN MORTON** and **ERIC HOLDER**, pursuant to Federal Rules of Civil Procedure 4(i)(1) and (2), the Clerk of Court is **DIRECTED** to: (1) deliver to the United States Attorney for the Southern District of Illinois, or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois, copies of the summonses and the petition, along with a copy of this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., copies of the summonses, the complaint and this Memorandum and Order; and (3) send a copy of the summons and the petition, along with a copy of this Memorandum and Order by registered or certified mail to each of the named federal respondents.

With respect to respondent **DAMON ACUFF**, the Clerk shall serve copy of the summons and the petition, along with a copy of this Memorandum and Order shall be served upon Damon Acuff, Administrator, Tri-County Justice & Detention

Center, 1026 Shawnee College Road, Ullin, Illinois 62992, constituting sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

**Signed this 29th day of July, 2013.**

Digitally signed by David R. Herndon
Date: 2013.07.29 13:22:58 -05'00'

**Chief Judge**
**United States District Court**